OPINION
Defendant-appellant, James D. Robinson, appeals his sentence obtained in the Jefferson County Common Pleas Court for felony DUI.
On November 21, 1997, appellant pled guilty to one count of failure to drive within marked lanes in violation of R.C. 4511.33
and one count of driving under the influence of alcohol in violation of R.C. 4511.19 (A) (3) with a specification that appellant was convicted or pled guilty to three or more DUI charges within the past six years. Due to the specification, appellant faced enhanced penalties under R.C. 4511.99 (A) (4) (a). This was appellant's first felony offense under the statute.
At the conclusion of a sentencing hearing held on January 8, 1998, the trial court sentenced appellant to a mandatory sixty days incarceration followed by a twelve month term of incarceration, both terms to be served in prison.
Initially, appellant set forth the following three assignments of error:
 "THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM WITHOUT FINDING THAT ANY OF THE FACTORS LISTED IN R.C. 2929.13 (B) (1) (a) TO (h) APPLIED RELATIVE TO APPELLANT."
 "THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM WITHOUT CONSIDERING ALL OF THE SENTENCING FACTORS LISTED IN R.C. 2929.12."
 "THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM WITHOUT FINDING THAT APPELLANT WAS NOT AMENABLE TO AN AVAILABLE COMMUNITY CONTROL SANCTION AS IS REQUIRED BY R.C. 2929.13 (B) (2) (a)."
Subsequently, appellant filed an additional assignment of error as follows:
 "The trial court sentenced the appellant under Ohio Revised Code Sections 2929.11 and 2929.12 when it should have sentenced the appellant under Sections 2929.13 (G) (1) and 2929.16 (3) [sic.]."
Under this assignment of error, appellant alleges that his sentence should have been no more than one year in jail, less the mandatory term of local incarceration of sixty days. Since this assignment of error has merit and is dispositive of this appeal, we will proceed to address it and disregard appellant's three initial assignments of error. See App.R. 12 (A) (1) (c).
R.C. 4511.99 (A) (4) (a) states in pertinent part:
 "If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code, * * * or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11
to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G) (1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G) (2) of that section, whichever is applicable."
R.C. 2929.13 (G) provides in pertinent part:
 "(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 "(1) Except as provided in division (G) (2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A) (4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. A mandatory term of local incarceration imposed under division (G) (1) of this section is not subject to extension under section 2967.11 of the Revised Code, to a period of post-release control under section 2967.28 of the Revised Code, or to any other Revised Code provision that pertains to a prison term."
Finally, R.C. 2929.16 (A) (3) states in pertinent part:
 "(A) * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to division (G) (1) of section 2929.13 of the Revised Code may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following:
"* * *
 "(3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to division (G) (1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division[.]"
In this case, it is undisputed that appellant has been convicted of a fourth degree felony OMVI offense pursuant to R.C.4511.99 (A) (4) (a). It is also undisputed that the underlying offense was appellant's first felony conviction for driving under the influence. Therefore, appellant should have been sentenced pursuant to R.C. 2929.13 (G) (1) and R.C. 2929.16 (A) (3) by which the trial court may only impose a maximum sentence of one year in jail less the mandatory term of local incarceration imposed pursuant to R.C. 2929.13 (G) (1). In addition, R.C.2929.13 (G) (1) mandates that for an offender's first felony OMVI conviction, the mandatory term of local incarceration specified in R.C. 4511.99 (A) (4) (a), can be served in jail, but not prison. Likewise, R.C. 2929.16 (A) (3) indicates that any term of incarceration in excess of the sixty-day mandatory term must be served in jail, not prison, and together cannot exceed one year. Therefore, the trial court erred to the extent that it sentenced appellant to a term of incarceration in excess of one year and ordered that he serve that term of incarceration in prison.
For the reasons discussed above, we modify appellant's sentence. Appellant is sentenced to a one year term of incarceration, less a mandatory term of local incarceration of sixty days, both terms to be served in a jail.
VUKOVICH, J., WAITE, J., concurs.
APPROVED:
 ____________________________________ Gene Donofrio Judge